**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-4219**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

         v.

LARRY ELKINS,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Joseph R. Goodwin, Chief District Judge. (2:07-cr-00119-1)

_____

Submitted: September 29, 2008          Decided: October 14, 2008

_____

Before TRAXLER, GREGORY, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Edward H. Weis, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, Karen L. Bleattler, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry Elkins pled guilty to knowingly taking a motor vehicle that had been transported, shipped, and received in interstate commerce from the person and presence of a person by force, violence and intimidation, in violation of 18 U.S.C. § 2119 (2000). Elkins was sentenced to a total of 180 months imprisonment. He challenges his sentence on appeal.

Elkins argues that his sentence is procedurally unreasonable because the district court erred in applying the vulnerable victim enhancement. Elkins also argues that his sentence is substantively unreasonable because it is greater than necessary to comply with the purposes of 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008).

Following United States v. Booker, 543 U.S. 220 (2005), a district court must engage in a multi-step process at sentencing. First, it must calculate the appropriate advisory Guidelines range. It must then consider the resulting range in conjunction with the factors set forth in 18 U.S.C.A. § 3553(a) and determine an appropriate sentence. United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006). The appellate court reviews the sentence for abuse of discretion. Gall v. United States, 128 S. Ct. 586, 597 (2007). The court must first ensure that the district court committed no procedural error, such as "failing to calculate (or improperly calculating) the Guidelines range, treating the

2

Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines range." Id.

With respect to a district court's application of the Sentencing Guidelines, this court reviews factual determinations for clear error, and legal questions de novo. United States v. Blake, 81 F.3d 498, 503 (4th Cir. 1996). Section 3A1.1 of the Sentencing Guidelines provides for a two-level increase if the defendant knew or should have known that a victim of the offense was "unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." USSG § 3A1.1, comment. (n.2). The commentary explains that "Subsection (b) applies to offenses involving an unusually vulnerable victim [when] the defendant knows or should have known of the victim's unusual vulnerability." USSG § 3A1.1, comment. (n.2).

The probation officer recommended a two-level enhancement under U.S. Sentencing Guidelines Manual § 3A1.1 (2007), finding that the victim of the offense was unusually vulnerable due to her age. Elkins was a passenger in a car that rear-ended the car of an off-duty Logan County Sheriff's deputy. While waiting for police to arrive at the accident scene, Elkins left the car and ran to another parking lot in the shopping center and approached Clara

3

Finley, a seventy-one year old woman, sitting in her Jeep Cherokee with the ignition on and her seat belt off. Elkins brandished a knife and placed the knife at Finley's throat. Elkins forced Finley from the vehicle and cut her right tricep as he pushed her out of the car. Elkins then entered the car and drove away. Elkins referred to Finley as an "old lady" in his post-arrest statement.

After overruling Elkins' objection to the vulnerable victim enhancement at sentencing. The district court found that Elkins noted Finley's age at the time he removed her from her car and considered the circumstances of her car running, her apparent age, that her seatbelt was off and window open, and that she was about to exit her car, and found for these reasons she was an unusually vulnerable victim. The court further found that older persons' age and appearance make them obviously susceptible to physical force from those more youthful. In this case, due to the size of the defendant, the vulnerability of the victim would have been apparent due to her age and physical ability. The court held that, generally, older persons are not as strong as younger persons, that older women in particular are not as strong as this very large defendant, and that the disparity would be apparent.

After overruling Elkins' objection to the vulnerable victim and other enhancements, the court considered the advisory sentencing guidelines range of 130 to 162 months. The court

4

informed the parties that it was imposing an upward variance based on the facts surrounding the offense and the history of the defendant. The court imposed a sentence of 180 months--an upward variance of eighteen months.

Elkins contends that age was not a factor in his selection of Finley as a victim, nor did her age facilitate the completion of the crime, and therefore the court erred in finding that Finley was a vulnerable victim. There must be some nexus between the victim's vulnerability and the crime's ultimate success. United States v. Hawes, 523 F.3d 245, 255 (3d Cir. 2008). In this case, the district court appeared to rely only on Finley's age and the fact that her age and size and physical strength difference would be apparent to Elkins as he approached the vehicle.

A victim is not considered vulnerable based only upon the victim's membership in a defined class. United States v. Frank, 247 F.3d 1257, 1260 (11th Cir. 2001). "The enhancement still requires a fact-based explanation of why advanced age or some other characteristic made one or more victims 'unusually vulnerable' to the offense conduct, and why the defendant knew or should have known of this unusual vulnerability." United States v. Anderson, 349 F.3d 568, 572 (8th Cir. 2003).

Here, Elkins clearly observed that Finley was elderly. While there is no specific information about Finley's size in the

record, there was evidence that Elkins was a tall and larger man, likely able to overcome an older smaller person. Finley has not disputed the size differential. "When a vigorous young defendant inflicts a crime of violence on an elderly person, the defendant's knowledge that the victim was unusually vulnerable to this crime due to age is often obvious for purposes of clear error review." Anderson, 349 F.3d at 572. Finley was in full view when Elkins ordered her out of her car and he made the decision to remove her from the car after observing her size and appearance. The facts of Finley's age and obvious disparity in size and ability are adequate to support the court's decision. Accordingly, there was no procedural error.

If there is no procedural error, the court then considers the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Elkins claims that his sentence is substantively unreasonable because his sentence is greater than necessary to comply with § 3553(a). While the court may presume a sentence within the guidelines range to be reasonable, it may not presume a sentence outside the range to be unreasonable. Gall, 128 S. Ct. at 597. Moreover, it must give due deference to the district court's decision that the § 3553(a) factors justify the sentence. Id. Even if the reviewing court would have reached a different sentencing result on its own, this fact alone is insufficient to justify reversal of the district court. Evans, 526 F.3d at 160.

6

The court considered that Elkins committed the offense while fleeing from police, he risked human life in taking Finley's vehicle, his criminal history included two prior robberies involving threats of violence, and that the sentence must be sufficient to deter Elkins from further criminal activity. We conclude that the sentence may be affirmed as the district court did not abuse its discretion in applying an eighteen-month upward variance based on the totality of the circumstances.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED